HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CABELA'S WHOLESALE INC,

Plaintiff,

v.

HAWKS PRAIRIE INVESTMENT LLC,

Defendant.

CASE NO. C11-5973 RBL

ORDER GRANTING IN PART AND
DENYING IN PART CABELA'S
MOTION TO QUASH/MOTION FOR
PROTECTIVE ORDER
[DKT. 184]

THIS MATTER is before the Court on Cabela's motion for a protective order and motion
to quash subpoenas and notices of depositions for six of its current and former employees (Dkt.
184).[1]  Hawks Prairie served Cabela's with subpoenas and notices of depositions for nine
individuals.  Hawks Prairie gave notice that the depositions were to take place in its attorneys'
law offices and were set to begin on October 21 and end on October 25.  Hawks Prairie also gave
Cabela's notice of a Fed. R. Civ. P. 30(b)(6) deposition on "any matter at issue or of
consequence" that was to be held in Seattle on October 25.

---

[1] Hawks Prairie served Cabela's with subpoenas and notices of depositions for three other
employees, but Cabela's does not object to those depositions, so they will not be addressed in
this Order.

1   Cabela's has objected to six of Hawks Prairie's deposition notices.  Cabela's argues that

2   three of the people that Hawks Prairie wants to depose no longer work for Cabela's.  Those

3   individuals are Dennis Highby, Cabela's former President and CEO; Tim Holland, Cabela's

4   former Director of New Store Development; and Kevin Rhodes, Cabela's former Director of

5   Real Estate.  With respect to Kevin Weeks and Jason Hammeren, the store managers for the

6   Lacey and Tulalip stores when the Tulalip store opened, Cabela's argues that although they are

7   still employees, they are no longer employed in Washington, so it should not have to bring them

8   to Seattle to be deposed.  Lastly, Cabela's argues that its current President and CEO, Thomas

9   Millner, was not hired until after the contract was executed and therefore does not have any

10   relevant first-hand information that cannot be obtained from other sources.

11   Cabela's also seeks protective orders requiring that no deposition go forward unless the

12   date, time, and location of the depositions is mutually convenient for the parties and the

13   deponent, and prohibiting Hawks Prairie from conducting a Rule 30(b)(6) deposition on the

14   over-broad topic of "any matter at issue or of consequence" to this case.

15   **I. Motions To Quash**

16          **A.**       **Highby, Holland, and Rhodes Subpoenas**

17   Former corporate officers, directors, and managing agents that no longer work for a

18   corporation cannot speak on the corporation's behalf.  Therefore, a former officer, director, or

19   managing agent cannot be deposed as a party under Rule 30(b)(1).  A former employee may be

20   deposed as a non-party, but the examining party must subpoena the individual to compel

21   attendance and comply with the requirements in Fed. R. Civ. P. 45(c)(1)(A).  Because Highby,

22   Holland, and Rhodes are no longer Cabela's employees, they must be deposed as non-parties.

23   Cabela's motion to quash the Highby, Holland, and Rhodes subpoenas is **GRANTED**.

24

### B.    Weeks and Nienhueser Subpoenas

Weeks and Nienhueser were the store managers at the Tulalip and Lacey stores when the Tulalip store opened.[2]  It is evident without extensive analysis that, in most cases, a store manager is a managing agent.  Store managers almost certainly have the authority to bind the corporation, exercise their discretion and judgment when dealing with corporate matters, and identify with the interests of the corporation rather than those of the other parties.  Absent any evidence that Weeks and Nienhueser are not vested with this authority, they are considered managing agents and may be deposed under Rule 30(b)(1).  Cabela's motion to quash the Weeks and Nienhueser subpoenas is **DENIED**.

### C.    Millner Subpoena

Cabela's argues that Hawks Prairie should not be allowed to take Millner's deposition because he was not hired until after the contract was executed and because he does not have any relevant first-hand knowledge that cannot be obtained through other discovery.  Hawks Prairie argues that Millner was Cabela's President and CEO when it opened the competing store in Tulalip, so it is likely that he has first-hand knowledge of the decision to do so.  The Court agrees.  Cabela's motion to quash the Millner subpoena is **DENIED**.

## II. Motions For Protective Orders

### A.    Location and Time of Depositions

Cabela's seeks a protective order requiring that no deposition go forward unless the date, time, and location of the depositions is mutually convenient for the parties and the deponent. Specifically, Cabela's argues that any depositions of corporate officers should be conducted at its

---

[2] Cabela's asserts that neither Weeks nor Neinhueser works in Washington anymore.  It has not, however, indicated what either of their current positions is or suggested that either Weeks or Neinhueser has been demoted.

corporate headquarters in Nebraska, not in Seattle.  Cabela's has failed to show that it would

suffer any undue hardship if the depositions are conducted in Seattle.  Further, Cabela's filed this

lawsuit in Washington and the parties' attorneys are all located in Seattle.  Accordingly, the

depositions may be conducted in Seattle.  Cabela's motion for a protective order regarding the

time and place of the depositions is **DENIED**.

      **B.**      **Fed. R. Civ. P. 30(b)(6) Deposition Scope**

      Cabela's seeks a protective order that prohibits Hawks Prairie from conducting a Rule

30(b)(6) deposition on the topic of "any matter at issue or of consequence" to this case.

Throughout the course of this protracted litigation, the parties have briefed the issues ad

nauseam.  The issues have been significantly narrowed, and both parties know what issues

remain.  The Court encourages the parties to discuss the relevant topics for the Rule 30(b)(6)

motion to ensure that the deposition is productive and efficient, but the Court will not needlessly

issue a protective order.  Cabela's motion for a protective order regarding the Rule 30(b)(6)

deposition scope is **DENIED**.

**III. Conclusion**

      Cabela's motion to quash and for protective orders is **GRANTED IN PART AND**

**DENIED IN PART** as follows:

      **(1)** Cabela's motion to quash the subpoenas that require Cabela's to produce Highby,

           Holland, and Rhodes for a deposition is **GRANTED**.

      **(2)** Cabela's motion to quash the subpoenas that require Cabela's to produce Weeks,

           Nienhueser, and Millner for a deposition is **DENIED**.  Hawks Prairie may

           conduct those depositions at its attorneys' office in Seattle.

      **(3)** Cabela's motion for a protective order requiring that no deposition go forward

           unless the date, time, and location of the depositions is mutually convenient for

1    the parties and the deponent is **DENIED**.  It is the Court's belief that the parties

2    should be able to work out a time that is mutually agreeable.  If it is necessary to

3    extend the discovery deadline, the Court would entertain such a motion.

4    **(4)** Cabela's motion for a protective order that prohibits Hawks Prairie from

5    conducting a Rule 30(b)(6) deposition on the topic of "any matter at issue or of

6    consequence" to this case is **DENIED**.

7    **(5)** Cabela's motion for attorneys' fees and costs is **DENIED**.

8    Dated this 22ND day of October, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE