HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CABELA'S WHOLESALE INC, | CASE NO. C11-5973 RBL |
| Plaintiff, | ORDER |
| v. | [Dkt. #s 161, 165, 171] |
| HAWKS PRAIRIE INVESTMENT LLC, | |
| Defendant. | |

THIS MATTER is before the Court on Hawks Prairie's Motion for Reconsideration [Dkt. # 161] and on the parties cross Motions for Summary Judgment [Dkt. #s 165 and 171].  The outcome of the first motion drives the outcome of the other two.

The Court heard oral argument on the contract interpretation issues at the core of the case, and orally granted the Motion for Reconsideration.  The highlights of the Court's reasoning are repeated here, though the entirety of the record and the argument form the basis for the Court's decision.

The parties clearly agreed that Cabela's "*sole remedy*" for Hawks Prairie's failure to meet its Paragraph 7 "build out" obligation was the right to offset or discount the damages it would otherwise owe Hawks Prairie *if Cabela's also breached* its own Paragraph 6 obligation to keep

1  the Lacey store open for 12 years.  If it did not close the store early —which it has not done, and

2  which it apparently has no intention of doing—then Cabela's has no contractual remedy for

3  Hawks Prairie's failure or inability to build out the development.

4        In contrast, the parties also clearly agreed that Hawks Prairie's remedies for Cabela's

5  breach of its Paragraph 8 obligation to refrain from opening a competing store in western

6  Washington for five years were not so limited.  Paragraph 8 provides that Hawks Prairie may

7  seek injunctive relief and actual damages, and that whether or not it does so, it is entitled to

8  receive from Cabela's (1) a refund of the $5 million it paid for the radius restriction and (2) the

9  then fair market value of the land it gave to Cabela's.

10       Cabela's materially breached the radius restriction, apparently believing that doing so

11  could not actually damage Hawks Prairie's non-existent development.  But Hawks Prairie does

12  not seek actual damages; it seeks only to recover the fee it paid for the radius restriction and the

13  value of the land it gave to Cabela's to build its Lacey store.  Hawks Prairie's right to these

14  remedies is preserved in the contract, whether or not it built out the rest of the development.

15  Hawks Prairie also clearly reserved the right to so claim in this litigation in its settlement

16  agreement with its lender.

17       In short, Hawks Prairie gave Cabela's $5 million and valuable land, in exchange only for

18  Cabela's agreement to (1) build and operate a store for 12 years, and (2) to refrain from

19  competing with that store for 5 years.  If Cabela's breached either obligation, it had to return the

20  $5 million, and it had to pay for the land it initially got for free.  However, if Cabela's closed the

21  store early, it was entitled to an offset, if and to the extent Hawks Prairie had not built out the

22  surrounding development.  There was no similar offset associated with the radius restriction.

23  And this makes commercial sense, because the radius restriction expired before the build out was

24

1    even scheduled to begin, and because (unlike keeping the Lacey store open), Cabela's had

2    exclusive control over the decision to open another western Washington store in violation of the

3    radius restriction.

4            The Motion for Reconsideration is GRANTED.  Hawks Prairie's Motion for Summary

5    Judgment is GRANTED IN PART: Cabela's materially breached the agreement when it opened

6    the Tulalip store.  Cabela's Motion for Summary Judgment is DENIED.

7            In the Court's view, the remaining issues for trial are the "then fair market value" of the

8    property, and Hawks Prairie's right to attorneys' fees and costs (and the amount thereof).

9            The parties may file limited briefing on whether the Court should permit Cabela's an

10   interlocutory appeal of this Order, or whether a trial on these issues should proceed as scheduled.

11   Such briefing should be filed by November 8.

12           IT IS SO ORDERED.

13           Dated this 31st day of October, 2013.

14

15           _____
             RONALD B. LEIGHTON
16           UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

[DKT. #S 161, 165, 171] - 3